UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE FRIMPONG, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 2:19-cv-1137 |
| | ) |
| v. | ) Judge: |
| | ) |
| GILA, LLC d/b/a MUNICIPAL SERVICES BUREAU, | ) Magistrate: |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, NATALIE FRIMPONG ("Plaintiff"), through her attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, GILA, LLC d/b/a MUNICIPAL SERVICES BUREAU ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227.

3. Jurisdiction of this court arises pursuant to 47 U.S.C. § 227 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and

28 U.S.C. § 1367 grants this court supplemental jurisdiction over any state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

1. Plaintiff is a natural person residing in Dequincy, Louisiana.

2. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff and Defendant are persons as defined by 47 U.S.C. § 153.

4. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

5. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant attempted to collect a consumer debt from Plaintiff.

7. Defendant is a collection agency domiciled in Austin, Texas.

8. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. A principal purpose of Defendant's business is the collection of debts allegedly owed to third parties or using a trade name.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or using a trade name.

12. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Upon information and belief, Defendant is attempting to collect an alleged consumer debt from Plaintiff.

15. Upon information and belief, the alleged debt at issue arose from transactions for personal, family, or household purposes.

16. In or around August of 2017, Defendant began calling Plaintiff on Plaintiff's cellular telephone.

17. Plaintiff never provided consent, express or otherwise, to receive calls from Defendant.

18. In or around August of 2017, Plaintiff answered a call from Defendant and told Defendant to stop calling.

19. In the above-referenced call, Plaintiff revoked any consent that Defendant may have believed it had to call Plaintiff.

20. Plaintiff demanded Defendant cease calling on multiple occasions.

21. Despite Plaintiff's demand that the calls stop, Defendant continued to call Plaintiff.

22. Defendant's calls were placed using a prerecorded or artificial voice message.

23. Based on the nature and frequency of the calls, upon information and belief, these calls were placed via an Automatic Telephone Dialing System ("ATDS").

24. Defendant's calls were not placed for emergency purposes.

25. Defendant knowingly and intentionally called Plaintiff via an ATDS and with an artificial or prerecorded voice without Plaintiff's consent.

26. Defendant failed to send Plaintiff written notice of Plaintiff's validation rights under 15 U.S.C. § 1692g.

27. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

28. Defendant's collectors are familiar with the FDCPA.

29. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental distress.

## VIOLATIONS OF THE FDCPA

31. The preceding paragraphs are incorporated as if fully stated herein.

32. Defendant is liable under 15 U.S.C. § 1692d for using harassing and abusive tactics to collect the alleged debt.

33. Defendant is liable under 15 U.S.C. § 1692g for failing to send Plaintiff a written notice containing the language required by section 1692g.

## VIOLATIONS OF THE TCPA

34. The preceding paragraphs are incorporated as if fully stated herein.

35. Defendant is liable under 47 U.S.C. § 227(b)(1) for placing ATDS and prerecorded or artificial voice calls to Plaintiff's cellular phone without consent.

36. These calls were made knowingly and willfully.

## DEMAND FOR JURY TRIAL

37. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. Statutory damages of $1,500 per call for Defendant's willful violations of the TCPA.

4. Statutory damages of $500 per call for Defendant's negligent violations of the TCPA.

5. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.

6. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.

7. Any other relief that this Court deems appropriate.

DATED:  August 29, 2019                RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff